```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

AARON S. RAINWATER,                 :

                Plaintiff,          :   08 Civ. 5115 (PKC)(HBP)

    -against-                       :   OPINION
                                        AND ORDER
UNITED STATES OF AMERICA, et al.,
                                    :
                Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By an application docketed on November 9, 2009 (Docket Item 9), plaintiff moves for pro bono counsel.[1] For the reasons set forth below, the motion is denied without prejudice to renewal.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of these, "[t]he factor which command[s] the most attention [is] the merits."  Id.; accord Odom v. Sielaff, No. 90 Civ. 7659 (DAB), 1996 WL 208203, at *1 (S.D.N.Y. Apr. 26, 1996) (Batts, D.J.).  As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention.  Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'" (quoting Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986))).

2

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim.  In Hodge, [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted).  In Cooper v. A. Sargenti Co., [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit."  877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

      Plaintiff's application establishes both his financial need for pro bono counsel and his prior efforts to obtain a private lawyer.  While I am willing to assume that plaintiff is unfamiliar with the judicial system and will have difficulties litigating the case on his own, the application still fails because it offers nothing to establish the merits of plaintiff's claims.

      Plaintiff alleges that he suffered injuries as a result of two "security guard[s]/postal police" using excessive force against him shortly after he attempted to retrieve his mail from a post office box on or around May 3, 2006.  (3d Am. Compl. 2, 3.)  Construed liberally, plaintiff's Third Amended Complaint alleges several cognizable, but likely meritless, federal claims.

To the extent that plaintiff's allegations against the United States Government and the United States Postal Service ("U.S.P.S.") can be construed as claims under the Federal Tort Claims Act ("FTCA"), plaintiff's claims appear to be barred for lack of subject matter jurisdiction.  Under the FTCA, claims against the United States Postal Service must be brought as actions against the United States.  28 U.S.C. § 2674 (2006); Kornbluth v. Savannah, 398 F. Supp. 1266, 1267 (E.D.N.Y. 1975).  As a prerequisite to bringing an action in federal court, the FTCA requires claimants to exhaust their administrative remedies.  McNeil v. United States, 508 U.S. 106, 113 (1993); Furman v. United States Postal Serv., 349 F. Supp. 2d 553, 557 (E.D.N.Y. 2004); see 28 U.S.C. § 2675(a) (2006).  Administrative claims must be presented to the corresponding agency within two years after the claim accrues.  28 U.S.C. § 2401(b) (2006).  Plaintiff has not alleged anywhere in his Third Amended Complaint that he ever filed an administrative claim with defendant U.S.P.S.  Consequently, because plaintiff failed to satisfy the requirements of section 2675(a), and more than two years have elapsed since the claim accrued, 28 U.S.C. § 2401(b), his claims against the United States under the FTCA appear to be barred.

To the extent plaintiff has asserted a claim alleging a violation of his constitutional rights under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

4

(1971), Bivens actions against the United States are routinely dismissed for lack of subject matter jurisdiction.  Keene Corp. v. United States, 700 F.2d 836, 845 n.13 (2d Cir. 1983) (citing Contemporary Mission, Inc. v. United States Postal Service, 648 F.2d 97, 104 (2d Cir. 1981)).  Bivens authorizes suits against federal officials responsible for alleged violations, not against the government itself.  Id. (citing references omitted).

      Plaintiff has likewise asserted claims of no apparent merit against defendant David Arias.  To the extent plaintiff's allegations can be liberally construed under Bivens, the plaintiff has likely failed to state a claim.  Bivens claims require plaintiff to plead that a defendant was directly involved in the purportedly wrongful act.  See Barbera v. Smith, 836 F.2d 96, 99 (2d Cir. 1987).  Not only has plaintiff failed to allege that Mr. Arias participated in the alleged attack, plaintiff makes no reference to Mr. Arias anywhere in his statement of the claim in his Third Amended Complaint.

      Plaintiff's claims against the "security guard[s]/postal police," identified by plaintiff as defendants John Doe I and II, appear to be time-barred.  Federal courts in New York apply a three-year statute of limitations to Bivens actions.  Kronish v. United States, 150 F.3d 112, 123 (2d Cir. 1998).  The limitations period begins to run from the date a plaintiff knows or has reason to know of the injury that is the

5

basis of his claim.  See Hayes v. F.B.I., 562 F. Supp. 319, 323 n.4 (S.D.N.Y. 1983) (Knapp, D.J.) (citing Barrett v. United States, 689 F.2d 324, 333 (2d Cir. 1982)).  "John Doe" pleadings cannot be used to circumvent statutes of limitation, because replacing a John Doe with a named party effectively constitutes a change in the party sued.  Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993) (citing references omitted).  An amendment changing the names of the party may only relate back if it satisfies Federal Rule of Civil Procedure 15(c).  See, e.g., id.  Rule 15(c) does not allow amendments to relate back "if the newly-added defendants were not named originally because the plaintiff did not know their identities."  Barrow v. Wethersfield Police Dept., 66 F.3d 466, 470 (2d Cir. 1995).  Since the facts giving rise to plaintiff's claim occurred on or around May 3, 2006 (3d Am. Compl. 2) and plaintiff has not ascertained the identity of the two John Doe defendants, his claims appear to be time-barred.

Accordingly, plaintiff's application to have his case added to the list of cases considered by the Court's Pro Bono Panel is denied without prejudice to renewal. Any renewed application should consider the pertinent factors cited above.

Dated:  New York, New York
        June 21, 2010

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Aaron S. Rainwater
Peck Slip Station
P.O. Box 482
New York, New York  10272

Emily E. Daughtry, Esq.
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, New York 100127